# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31243
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2020

Lyle W. Cayce
Clerk

YUN XIN LIN,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES BUREAU OF PRISONS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1293

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yun Xin Lin, federal prisoner # 78471-053, appeals the dismissal of his complaint filed under the Federal Torts Claims Act (FTCA) alleging claims of medical malpractice while housed at the Federal Correctional Institution in Oakdale, Louisiana (FCI-Oakdale). In his complaint, Lin also alleged that he was denied medical records under the Freedom of Information Act and educational resources. The district court granted the Government's motions to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31243

dismiss for lack of subject matter jurisdiction and summary judgment. *See* FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 56. Lin timely appealed. *See* FED. R. APP. P. 4(a)(1)(B). The Government has filed a motion to dismiss for lack of jurisdiction.

Lin's entire brief is devoted to challenging the denial of his motion for appointment of counsel, his request to be transferred back to FCI-Oakdale, and the denial of another inmate's motion to intervene. As the Government correctly notes, a magistrate judge (MJ) denied Lin's motion for appointment of counsel and the motion to intervene. *See* 28 U.S.C. § 636(b)(1). A MJ also denied Lin's request to be transferred back to FCI-Oakdale, which incorporated his denial of access to courts claim. Lin acknowledges that he did not object or appeal to the district court the MJ's denial of these motions. Thus, we lack jurisdiction over his challenge to these rulings. *See United States v. Renfro*, 620 F.2d 497, 499-500 (5th Cir. 1980).

Lin does not challenge the merits of the district court's decision granting the Government's Rule 12(b)(6) motion dismissing his complaint in part for lack of jurisdiction. He also does not challenge the merits of the district court's decision granting the Government's motion for summary judgment with respect to his medical malpractice claims. These issues are therefore deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, the judgment of the district court is AFFIRMED in part and DISMISSED in part for lack of jurisdiction. The Government's motion to dismiss is DENIED as moot.